Filed 10/28/20  Jaafar v. Abbasi CA1/5
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ABEER JAAFAR,<br><br>        Appellant,<br><br>v.<br><br>SALEEM K. AL ABBASI,<br><br>        Respondent. | A157677<br><br>(San Francisco County<br>Super. Ct. No.<br>FCS 18-352-746) |

Appellant Abeer Jaafar (Appellant) appeals from the trial court's April 26, 2019 order in this family court proceeding involving Appellant and her former husband, Saleem K. Al Abbasi (Respondent).[1]

The April 26, 2019 order resulted from a September 2018 request by Respondent for visitation with Appellant and Respondent's child, following entry of a May 2018 judgment regarding Respondent's parental obligations. The court's April 26 order denied Appellant's request to correct findings in a March 29 order, relating to Respondent's obligation to complete parenting education and anger management classes.  The court confirmed that Respondent is not required to complete the classes "as a condition to beginning therapeutic counseling with the parties' minor child.  The

_____

[1] Respondent did not file a brief on appeal.

1

therapeutic counseling may commence immediately." The order also specified the timing of Respondent's calls with the child.

On appeal, Appellant does not claim the trial court erred in regard to the timing of Respondent's anger management and parenting education classes, or in regard to the timing of Respondent's calls with their child. Any such contentions have been forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

Appellant instead asserts various other claims of error. Appellant contends the trial court erred in allowing into evidence a letter from Respondent asserting he had commenced the parenting and anger-management classes. However, even assuming the letter was inadmissible, Appellant does not explain how she was prejudiced by the error. First, Respondent testified he had registered for the classes and attended an orientation, so the court had before it other evidence on the point in addition to the letter. Appellant asserts the testimony was false, but she cites nothing in the record establishing the falsity of Respondent's statement. Second, Appellant points to nothing in the record indicating the trial court's April 26, 2019 order was contingent on Respondent having commenced the classes.

Appellant contends the trial court failed to address a separate concern she raised about the court-appointed mediator, who Appellant claims threatened to intervene inappropriately in the court proceeding to Appellant's detriment. Appellant asserts she raised the concern in her April 10, 2019 request to correct the court's March 29 order. However, although the written request references a disagreement with the mediator regarding what the court ordered and alleges a threat by the mediator, Appellant requested only correction of the order. To wit, the "orders requested" were to "correct current order to match what the judge ordered on 2/19/2019 and to

2

match transcripts." Appellant did not request any relief regarding the mediator.

Appellant also contends the trial court "did not allow me to orally present the argument [regarding the mediator] completely in the hearing and interrupted me twice and said he knew what I wanted to say." Even assuming the court prevented Appellant from requesting relief with regard to the mediator at the hearing, Appellant does not show she suffered prejudice. She does not explain how a ruling with respect to the mediator would have changed anything that was actually included in April 26, 2019 order, which does not direct her to attend mediation. And she does not explain how she was prejudiced by the absence of any relief with respect to the mediator in the order.[2]

Finally, Appellant complains about how hearings on December 24, 2018 and on February 19, 2019 were conducted, and about orders issued on February 26, 2019 and March 29, 2019. Appellant did not appeal the trial court's prior orders and she cannot assert her claims regarding those orders in this appeal from the April 26 order. (Code Civ. Proc., § 906; *Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 304 [" 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' "].)

## DISPOSITION

The trial court's order is affirmed. Costs on appeal are awarded to Respondent.

---

[2] Notably, Respondent indicated at the April 23, 2019 hearing that he had submitted a request to change the venue of the proceeding to Virginia, where both Appellant and Respondent live; the record contains a request to change venue he filed on April 18. Appellant does not suggest the same mediator would be appointed in Virginia.

_____

SIMONS, Acting P.J.

We concur.

_____

BURNS, J.

_____

REARDON, J.*

(A157677)

_____

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.